UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROGER W. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:10-CV-233 PS |
| vs. | ) |
| | ) |
| JULIE LAWSON, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Roger W. Anderson, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must contain enough to state a claim for relief that is plausible on its face and to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Anderson alleges that he is being housed under inhumane conditions at the St. Joseph County Jail. Specifically, he alleges that on May 9, 2010, he was placed in the medical unit of the jail due to his right hip "being deteriorated." (DE 1 at 3.) He asserts that he was told by a jail guard to place his mattress on the floor and sleep there. He asked for a bottom bunk but was told by the guard "they keep them open for other people and to not ask for a bottom bunk again." (DE 1 at 3.) He alleges that the mattress he is sleeping on is "filthy" and is "so old and worn out it is like sleeping on concrete." (DE 1 at 4.) He further alleges that because he is sleeping on the floor, he has been "bitten on [his] leg by something that has left open infected sores that are about a half inch deep." (DE 1 at 4.)

Anderson complains of other conditions that prevent him from keeping himself clean. He alleges that the shower water is so hot that it can actually causes burns, and as a result he often foregoes taking a shower; that he has not been issued clean clothing or a clean towel; and that as an indigent inmate he has not been provided "basic hygiene articles" needed to keep himself clean. He states, "This is suppose[d] to be a medical unit but it is a very dirty place to house prisoners with medical problems." (DE 1 at 4.)

He further asserts that he has complained repeatedly about these conditions. He states that after speaking with one of the guards, the guard conveyed his concerns to the warden, Julie

Lawson. According to Anderson, the guard later responded that "she told him to tell me my incarceration was not suppose[d] to be comfortable, that [their] purpose was just to hold me for the court." (DE 1 at 4.) He claims that he wrote two grievances directly to Lawson about the conditions, but she never responded. After the second grievance, Anderson claims he was told by a guard that "Julie Lawson said if I kept complaining about having to sleep on the floor I would be placed in a 'restraint chair' or a 'padded cell' for my complaining." (DE 1 at 3.)

The Eighth Amendment prohibits cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish an Eighth Amendment violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

If the conditions pass the objective inquiry, courts then must determine whether the prison official acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is a high standard. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, Anderson alleges the denial of the minimal civilized measure of life's necessities based on the unsanitary conditions in which he is being housed, specifically, a lack of adequate showers, lack of hygiene items, clean clothing, and clean towels, and inadequate bedding. As a result of these unsanitary conditions, Anderson alleges that he has infected insect bites that are not healing and are causing him pain. Giving Anderson the inferences to which he is entitled at this stage, he satisfies the objective prong based on the combined effect of the unsanitary conditions he describes. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (sleeping on wet, moldy mattress constituted denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (inmate stated Eighth Amendment claim based on inadequate heat, clothing, and bedding); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir.1992) (prisoner stated Eighth Amendment claim where he alleged he was held in filthy cell that lacked adequate heating, contained dirty bedding, and was infested with insects). The conditions he describes are particularly disturbing given that he is being housed in the medical unit.

With respect to the subjective prong, Anderson's allegations, which I must accept as true, show that he made the warden aware of these unsanitary conditions and their effect on him, but she has done nothing to remedy the situation. Instead, she responded that prisons were not meant to be comfortable and threatened to punish him if he continued complaining. Although deliberate indifference is a high standard, giving Anderson the inferences to which he is entitled at this stage, he has stated enough to proceed on a claim against Lawson. *See Reed v. McBride*, 178

F.3d 849, 855 (7th Cir. 1999) (where inmate repeatedly complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

For these reasons, the court:

(1) **GRANTS** Roger W. Anderson leave to proceed on his Eighth Amendment claim against Julie Lawson in her individual capacity for compensatory damages, punitive damages, and injunctive relief for housing him in unsanitary conditions by failing to provide adequate showers, clean clothing, clean towels, hygiene items, and proper bedding.

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Julie Lawson; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Julie Lawson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: June 29, 2010.

                                          s/ Philip P. Simon
                                          PHILIP P. SIMON, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT